LEE, J.,
Dissenting.
¶ 31. The majority finds that no evidence existed to show that Cluney defrauded her supposed husband in efforts to entice him into conveying the property to her; thus, the chancellor erred in cancel-ling the deed. I disagree.
¶ 32. The record shows that Cluney was a less than honest person, lying to the court concerning her prior marriage as well as her education and the use of her name. Cluney now argues on appeal that this Court should believe that, although *40 she lied previously to the chancellor, she is being honest in her assertion that Law’s reason for conveying the property to her was his affection for her. Plus, she claims that no proof existed to show that the conveyance was solely based on Law’s belief that the two were married. I am not swayed to approve Cluney’s argument.
¶ 33. The majority cites the standard that fraud must be proven by clear and convincing evidence and, in its recitation of the “fraud” factors, finds that no direct evidence exists to show that Law conveyed the residence only because he thought Clu-ney was his wife. In reciting the factors, the majority finds that the first six factors weigh against Cluney, but the seventh factor, reliance, is apparently so significant as to “cancel out” the other findings which the majority concludes supports a finding of fraud. I cannot agree.
¶ 34. Cluney knowingly misrepresented the fact that she was not married, lying both to Law and even committing perjury before the chancellor, the false representation was material, Law was ignorant of Cluney’s ongoing deception, and Law’s heirs were harmed by Cluney’s deception. Rebanee is but one factor in this list of many to consider when determining whether to set aside a conveyance due to fraud. I find the majority places too much weight on the “rebanee” factor, to the detriment of the other factors which convincingly indicate that Cluney undoubtedly perpetrated a fraud on Law in efforts to gain his property.
¶ 35. I believe the question of whether or not Law rebed wholeheartedly on his presumption of marriage to Cluney is not so important as to overshadow what ready happened here: Cluney bed to Law about a material fact and, in turn, she has been “rewarded” by receiving the benefit of her betrayal. With the majority’s conclusion, I find that we are slapping Cluney on the wrist for her deceit, yet rewarding her in allowing her to keep the “booty.”
¶ 36. Bigamy is bigamy, and Cluney broke the law by conning Law into marrying her when she knew the marriage was not legal. With the majority’s decision, I am disheartened to find that we are essentially aiding and abetting the wrongdoer. I would find that sanctions are in order against Cluney, as web as find that the chancebor’s decision to set aside the conveyance should be affirmed. Thus, I dissent.
MYERS AND BRANTLEY, JJ„ JOIN THIS SEPARATE WRITTEN OPINION.